IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02265-BNB

DOSSIE L. HOWARD III,

     Applicant,

v.

FLANIGAN COURTHOUSE COURTROOM 3F,

     Respondent.

---

## ORDER OF DISMISSAL

---

     Applicant, Dossie L. Howard, III, is incarcerated at the Denver County Jail. Mr. Howard initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). He filed an amendment to his Application on September 7, 2012 (ECF No. 6). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

     The Court must construe the Application and amendment liberally because Mr. Howard is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

     Mr. Howard alleges in the Application and amendment that he is in state custody pursuant to a shoplifting charge. He requests assistance from this Court in obtaining a state auditor to access his personal bank account so that he can procure a more favorable plea offer from the Government in his state criminal case. He further states

that he has filed a motion for bond reduction with the state district court, which is pending.

Although Mr. Howard is a state prisoner, his application for habeas corpus relief arises under 28 U.S.C. § 2241 because he is a pretrial detainee. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). The Court notes at the outset that Mr. Howard has sued an improper respondent. The only proper respondent in a habeas corpus action is the prisoner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Flanigan Courthouse is not Mr. Howard's current custodian.

The Application is also deficient because this Court does not have the authority to secure a state auditor for Mr. Howard so that he may access his bank account to obtain a more favorable plea agreement or to pay the bond set in his state criminal case.

Furthermore, the Application fails because absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). To establish extraordinary or special circumstances, a defendant must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. Abstention under *Younger* is appropriate if three conditions are met: "(1) there is an ongoing state criminal, civil or administrative proceeding; (2) the state court provides an adequate forum to hear the claim raised in the federal complaint; and (3) the state proceeding involves important state interests, matters which traditionally look to state law for their resolution or

implicate separately articulated state policies." ***Crown Point I, LLC v. Intermountain Rural Elec. Ass'n***, 319 F.3d 1211, 1215 (10th Cir. 2003).

The first condition is met because the state criminal charge against Mr. Howard remains pending.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  ***Kelly v. Robinson***, 479 U.S. 36, 49 (1986) (citing ***Younger***, 401 U.S. at 44-45).  With respect to the third condition, Mr. Howard fails to demonstrate that the state proceedings do not afford an adequate opportunity to present his federal claims.  To the extent Mr. Howard challenges his bond as excessive, he is pursuing a motion for bond reduction in his state criminal case. Plaintiff also may have a remedy available under the state habeas corpus statute, COLO. REV. STAT. § 13-45-101 (2011).

Mr. Howard "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'"  ***Phelps v. Hamilton***, 122 F.3d 885, 889 (10th Cir. 1997) (quoting ***Perez v. Ledesma***, 401 U.S. 82, 85 (1971)).  However, the fact that Mr. Howard may be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury.  ***See Younger***, 401 U.S. at 46; ***Dolack v. Allenbrand***, 548 F.2d 891, 894 (10th Cir. 1977).

Mr. Howard fails to demonstrate that the criminal case was commenced with no reasonable hope of success.  He also fails to demonstrate or even allege any improper motivation for the charges.  Finally, there is no indication that the criminal case against Mr. Howard has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion.  Therefore, the Court finds that *Younger* abstention is appropriate in this action.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  ***See Coppedge v. United States***, 369 U.S. 438 (1962).  If Mr. Howard files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application (ECF No.1) and amendment (ECF No. 6) are denied and this action is dismissed without prejudice pursuant to the *Younger* absention doctrine.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Howard may file a motion in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __19th__ day of ____September____, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court